Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Meghan E. George, Esq. (274525)
mgeorge@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICIA RAPPLEY, individually and on behalf of all others similarly situated,** <br><br> Plaintiffs, <br><br> vs. <br><br> **PORTFOLIO RECOVERY ASSOCIATES, LLC, and DOES 1-10, inclusive,** <br><br> Defendant(s). | Case No. <br><br> Class Action Complaint For Violations Of: <br><br> 1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and <br><br> 2. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq. <br><br> 3. The California Business and Professions Code §17200 <br><br> **Jury Trial Demanded** |

1
**CLASS ACTION COMPLAINT**

# Introduction and Factual Allegations

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Portfolio Recovery Associates, LLC ("PRA"), in an effort to unlawfully collect on debts allegedly held against consumers.

2. In particular, Plaintiff, Patricia Rappley ("Rappley"), alleges that within the year preceding the filing of this Complaint, PRS attempted to collect debts from her and other consumers and debtors by unlawfully filing claims to enforce and collect on debts in California, when the assignment of the debt on which it was attempting to collect was/is invalid, and the purported assignor(s) were not registered to do business in the state of California.

3. Plaintiff alleges, specifically, that Defendants files a lawsuit in January 2016, to collect an alleged debt owed by Plaintiff to assignor General Electric Capital, Inc.

4. Defendant purported to be a valid assignee of the debt, and sought to collect against Plaintiff through legal action on the basis of the purported legal assignment of the debt.

5. However, Defendant unlawfully concealed that it was not a valid assignee of the debt. General Electric Capital, Inc. was not authorized to conduct business in the State of California at the time of the purported assignment and at the time

of Defendant's collection action against Plaintiff, thus making Defendant's attempt to collect on a debt that it was not lawfully assigned an unlawful collection effort under the law.

6. Such conduct is inherently deceptive and misleads the least-sophisticated Consumer. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments, on debts that Defendant was not lawfully entitled to collect on.

7. Thus, Plaintiff brings class action claims against Defendant, under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b).

## Jurisdiction and Venue

8. The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1367.

9. Venue is proper in the Central District of California pursuant to 18 U.S.C.

§ 1391(b) because Defendant does business within the Central District of California, and because Plaintiff is a resident of San Bernardino, California, which is within the Central District of California.

## The Parties

10. Plaintiff is a natural person residing in San Bernardino County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her a "consumer," under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

11. Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

///

///

12. The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

## Class Allegations

13. Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

14. Plaintiff represents, and is a member of the following classes:

   a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, Defendant filed an action in California Superior Court to collect upon an alleged debt which it was not lawfully assigned to collect on;

   b. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant attempting to collect a debt which Defendant was not lawfully assigned to, and thus did not have the ability to lawfully collect on;

   c. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that

Defendant did not have the lawful right to collect on the debt it was attempting to collect on;

15. As a result of Defendant's conduct, Plaintiff and members of the putative class have been deprived of accurate and valid information regarding the legal status of the debts that Defendant was attempting to collect on. Defendant mislead Plaintiff and the Class into believing that they had to make payments towards these debts to Defendant, which Defendant had no lawful right to collect on. They have also been misled, through the unlawful filing of a collection action, that Defendant had the lawful right to collect to enforce this debt.

16. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

17. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

18. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Plaintiff's records or Plaintiff's agents' records.

19. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant attempted to collect on debts which Defendant had not been lawfully assigned, and thus, that Defendant had no legal standing to collect said debts;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

20. As a person that was subject to the unlawful collection efforts of Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

21. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly believing that Defendant has any legal right to collect the debt they are seeking to collect on. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

22. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

23. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Plaintiff to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

///

///

24. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

25. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

26. A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. *15 U.S.C. §1692e(2)(A)*. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

27. A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. *15 U.S.C. §1692e(5)*. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

28. A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. *15 U.S.C. §1692e(10)*. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

29. A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. *15 U.S.C. §1692f*. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

30. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

## Second Cause of Action: Violation of the Rosenthal Fair Debt Collection Practices Act

31. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

32. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17

33. Thus by engaging in conduct prohibited by Sections e(2)(A), e(5), e(10) and f of the FDCPA, Defendant violated the RFDCPA.

34. As a direct proximate result of Defendant's conduct, Plaintiff and the Class

have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## THIRD CAUSE OF ACTION
### Violation of Unfair Business Practices Act

35. Plaintiff incorporates by reference each allegation set forth above.

36. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

37. California Business & Professions Code § 17200 prohibits any "unfair ...business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and

practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's unlawful attempts to collect on a debt they were not lawfully able to collect on. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

38. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.

39. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant brought suit against Plaintiff to collect on a debt they had no lawful interest in, these consumers suffered injury in fact. Defendant failed to take reasonable steps to inform Plaintiff and class members that they had no legal authority to collect

on the debts. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

40. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

41. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

42. Here, consumers, including Plaintiff and the Class Members, are likely to be deceived, by Defendant who is filing collections cases against Plaintiff and Class Members in a court of law, purporting to have legal authority to collect on a debt. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

43. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

44. California Business and Professions Code Section 17200, et seq. prohibits " any unlawful…business act or practice."

45. As explained above, Defendant deceived Plaintiff and other Class Members by representing that they had the legal authority to collect on debts that they had not been lawfully assigned.

46. Defendant's conduct therefore caused and continues to cause harm to Plaintiff and Class Members.

47. These representations by Defendant are therefore an "unlawful" business

practice or act under Business and Professions Code Section 17200 *et seq*.

48. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring Defendant to engage in corrective action regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the charging higher interest during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

### Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Dated: January 20, 2017

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff